**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| FRANKLIN DAVID PEREZ CARTAGENA, | ) | | |
| | ) | | |
| Petitioner, | ) | No. 3:26-cv-01042 | |
| | ) | | |
| v. | ) | Chief Judge Cathy Bissoon | |
| | ) | | |
| LEONARD ODDO, *et al.*, | ) | | |
| | ) | | |
| Respondents. | ) | | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is Petitioner Franklin David Perez Cartagena's Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition" or "Pet."). Petitioner currently is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. Petitioner alleges an entry date into the United States in or around 2013, and that Petitioner has resided continuously in the United States since then. Pet. (Doc. 1) at ¶ 1. Petitioner was placed into immigration detention on or around May 11, 2026. *Id.* There is no indication that Petitioner has any criminal convictions.

The Petition asserts that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2). <u>See id.</u> at ¶¶ 48–55. Respondents oppose relief by relying upon decisions by the Courts of Appeals for the Fifth and Eighth Circuits to argue that mandatory detention is authorized under § 1225(b)(2)(A). <u>See</u> Resp. (Doc. 9) at 6–11. The Court has considered and rejected Respondents' interpretation of § 1225(b)(2)(A), instead joining the Courts of Appeals for the Second, Sixth and Eleventh Circuits in holding that this mandatory detention provision only applies to noncitizens

apprehended upon entry into the country or shortly thereafter.  See, e.g., Tejeda Perez v. Oddo, No. 3:26-cv-00745, Order (Doc. 8), at 5, May 28, 2026; see also Cunha v. Freden, 175 F. 4th 61, 69, 74–75 (2d Cir. 2026); Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1902, 2026 WL 1283891, at *2, *4 (6th Cir. May 11, 2026) (slip copy); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026) (slip copy).

**AND NOW**, this 17th day of June, 2026, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent that it requests a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law.  Respondents are **ORDERED** to provide Petitioner with such a hearing, or release Petitioner, on or before June 22, 2026.  On or before June 29, 2026, Respondents shall provide notice to the Court confirming that Petitioner received a compliant bond hearing and apprising the Court of the bond hearing's outcome.  The petition is **DENIED** to the extent it requests any additional relief, without prejudice to renewal.

IT IS SO ORDERED.

June 17, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

2